IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBBIN AMANDA BAYSE, a/k/a ROBERT BAYSE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 122-024 |
| TIMOTHY WARD, Commissioner; SHARON LEWIS, Statewide Medical Director; JAVEL JACKSON, Statewide Mental Health Director; TED PHILBIN, Warden; MS. YOUNG, Mental Health Director; MS. DAVIS, Mental Health Counselor; DR. CLEMENTS, Psychologist; MS. SHELTON, Deputy Warden of Care and Treatment; CERT OFFICER SMITH; CERT SGT. ROSS; MS. HARVEY, Deputy Warden of Security; CAPTAIN GAINES; and JOHN AND OR JANE DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. SCREENING THE COMPLAINT

### A. BACKGROUND

Plaintiff names the following defendants: (1) Commissioner Timothy Ward of the Georgia Department of Corrections ("GDC"); (2) GDC Statewide Medical Director Dr. Sharon Lewis; (3) GDC Statewide Mental Health Director Javel Jackson; (4) ASMP Warden Ted Philbin; (5) Mental Health Director Ms. Young; (6) Mental Health Counselor Ms. Davis; (7) Psychologist Dr. Clements; (8) Deputy Warden of Care and Treatment Ms. Shelton; (9) CERT Officer Smith; (10) SERT Sgt. Ross; (11) Deputy Warden of Security Ms. Harvey; (12) Captain Gaines; and (13) John and/or Jane Does 1 through 10. (Doc. no. 1, pp. 1, 4-5.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is a transgender woman with gender dysphoria. (Id. at 6.) Since October 22, 2019, Plaintiff has been on a treatment plan for gender dysphoria and borderline personality disorder. (Doc. no. 1-1 to 1-2.) The treatment plan allows Plaintiff to present, dress, and be treated as a woman, and recommends gender affirming hormone treatment and therapy, which Plaintiff receives. (Id.)

In June 2020, Plaintiff was called to ASMP's mental health department for a treatment planning meeting. (Doc. no. 1, p. 6.) At the meeting, Defendants Philbin, Harvey, Shelton, Young, and Davis told Plaintiff the October 22, 2019 treatment plan would no longer be followed. (Id.) Instead, Plaintiff would only be treated for anxiety and depression. (Id.) They told Plaintiff she "would have to remove [her] makeup, earrings, nail polish, and cut [her] hair." (Id.) Plaintiff also states Defendants made also comments disregarding her gender dysphoria, such as, "You are in a man's prison. You have a penis between your legs," but it is unclear who made these comments and when they were made. (Id.)

2

On August 25, 2020, the Southern Poverty Law Center mailed a letter to Defendants Ward, Lewis, Jackson, Philbin and nonparty Jennifer Ammons alleging GDC staff violated Plaintiff's constitutional rights by using excessive force against Plaintiff, failing to follow her treatment plan, denying and questioning her gender identity, and threatening her with restrictions on her gender expression. (See id. at 11; doc. no. 1-3.) However, the excessive force allegation discussed in the letter is not contained within Plaintiff's complaint.

In September 2020, Plaintiff attended another treatment planning meeting with by Defendant Clements and Young. (Id. at 7.) After Plaintiff asked Defendant Clements, "Do you know anything about gender dysphoria," Defendant Young instructed Defendant Clements to not answer Plaintiff's questions, saying, "Doctor, do not answer any questions about gender dysphoria. [Plaintiff] has filed paperwork against us and we are in litigation." (Id. at 8.) Plaintiff alleges Defendant Young lied in saying so. (Id.) Consequently, Defendant Clements did not answer any questions from Plaintiff regarding her gender dysphoria treatment. (Id.)

On March 3, 2021, Plaintiff was called to ID at 2:00 pm, and Defendant Gaines ordered Plaintiff to have a haircut. (Id.) Plaintiff showed Defendant Gaines her treatment plan, but he refused to look at it and said, "You are in a male prison. You will get your hair cut and follow the male standards." (Id. at 9.) Two CERT officers, including Defendant Smith, then forcefully held Plaintiff down in a barber's chair while an inmate cut Plaintiff's hair. (Id.) Plaintiff cried and begged them to stop. (Id.) Plaintiff alleges Defendants Philbin and Harvey approved and ordered the forced haircut. (Id.) Afterwards, Plaintiff was taken to the Chronic Stabilization Unit. (Id.) Plaintiff attempted suicide on March 5, 2021, after leaving the Chronic Stabilization Unit. (Id.)

In June 2021, Plaintiff attended another treatment planning meeting with Defendants Davis, Clements, and Young as well as nonparty Dr. McKennon. (Id. at 10.) Plaintiff told them

she had at least twenty anxiety attacks since March and thoughts of self-harm and suicide because she was not being treated properly for gender dysphoria. (Id.) Defendant Davis said, "Your primary diagnosis of gender dysphoria was replaced with borderline personality disorder. You will only be treated for anxiety and depression." (Id.) Subsequently, from November 6 to December 10, 2021, Plaintiff harmed herself twelve times. Defendants Philbin, Harvey, Gaines, and Young were all notified of the incidents, but did nothing. (Id.)

Plaintiff states she filed multiple grievances at ASMP and wrote letters to Defendants Ward, Lewis, Jackson, Philbin, and Young in August 2020 and December 2021. (Id. at 3-4.) Plaintiff requests her treatment plan be protected and enforced, proper medical car, sex reassignment surgery, and $20,000 in damages. (Id. at 12.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

4

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Ross and Defendants John or Jane Does 1 through 10

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Thus, Plaintiff must describe how each

individual participated in any alleged constitutional violation or other acts and omissions she claims to have caused her injury. Here, Plaintiff includes "Does 1-10" in her complaint, but never describes who those ten Defendants are or what role they play in her claim. (Doc. no. 1, p. 5.) Likewise, the only mention of Defendant Ross is in the caption and Plaintiff's list of additional Defendants. (Id. at 1, 5.) As Plaintiff does not connect Defendant Ross or the John and Jane Doe Defendants to any alleged constitutional violation, they should be dismissed.

### 3. Plaintiff Fails to State a Claim for Supervisory Liability Against Defendants Ward, Lewis, and Jackson

Any potential § 1983 claims against Defendants Ward, Lewis, and Jackson are also subject to dismissal for failure to state a claim because Plaintiff may not hold these defendants liable merely by virtue of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants liable, Plaintiff must demonstrate that they

(1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff appears to name these Defendants not because of their direct involvement in the events about which she complains, but by virtue of their supervisory positions. The only mention of Defendants Ward, Lewis, and Jackson in the complaint is Plaintiff's reference to the August 25th letter from the Southern Poverty Law Center, which was addressed to Defendant Ward and provided to Defendants Lewis and Jackson as copy recipients. (See doc. no. 1, p. 11; doc. no. 1-3.) Nowhere does Plaintiff allege these defendants were present for, or participated in, an alleged constitutional violation.

Therefore, Plaintiff must allege a causal connection between Defendants Ward, Lewis, and Jackson and the asserted constitutional violations in order to hold them liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed

the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread mistreatment of gender dysphoria at TSP, (2) an improper custom or policy put in place by Defendants regarding gender dysphoria, or (3) an inference Defendants Ward, Lewis, and Jackson directed the other Defendants to act, or knew they would act, unlawfully.

Plaintiff has only alleged Defendants Ward, Lewis, and Jackson were notified on her behalf after the June 2020 treatment planning meeting. Mere knowledge of a civil rights violation after it occurs, and the mere denial or nonresponse to a notice of the violation, cannot form the basis of a valid claim. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with the plaintiff's wishes concerning information in a grievance and a letter); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any

constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

In sum, Plaintiff has not shown Defendants Ward, Lewis, or Jackson actually participated in the alleged constitutional violations; nor has she drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted, and Defendants Ward, Lewis, and Jackson should be dismissed.

**II. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Ward, Lewis, Jackson, Ross, and John or Jane Does 1-10 be **DISMISSED** for failure to state a claim upon which relief may be granted. By separate Order, the Court directs service of process on Defendants Philbin, Young, Davis, Clements, Shelton, Smith, Harvey, and Gaines for violations of the eighth amendment.

SO REPORTED and RECOMMENDED this 22nd day of July, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA