## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

ROBBIN AMANDA BAYSE, a/k/a )
ROBERT BAYSE,                )
                             )
         Plaintiff,          )
                             )
vs.                          )      CIVIL CASE NO.
                             )      1:22-cv-00024-JRH-BKE
TED PHILBIN, *et al.,*        )
                             )
         Defendants.         )
_____ )

## MEMORANDUM AND BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

COME NOW, Defendants Ms. Young ("Ms. Young" or "Defendant Young"), Ms. Davis ("Ms. Davis" or "Defendant Davis"), and Dr. Clements ("Dr. Clements" or "Defendant Clements," and collectively "these Defendants") named in the above-styled civil action, by and through counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and submit this Memorandum and Brief in Support of their Motion to Dismiss.

## PROCEDURAL BACKGOUND

The Plaintiff Robbin Amanda Bayse, also known as Robert Bayse, appearing *pro se*, is an inmate currently incarcerated in the August State Medical Prison ("ASMP").  Plaintiff commenced this action by filing a Complaint in the United

States District Court for the Middle District of Georgia, Macon Division on February 28, 2022.  (Doc. No. 1).  Plaintiff's lawsuit was subsequently transferred to the United States District Court for the Southern District of Georgia, Augusta Division. (Doc. Nos. 4 and 5).  In her Complaint, Plaintiff alleges constitutional violations pursuant to 42 U.S.C. § 1983 in which she asserts claims of deliberate indifference pertaining to the care and treatment of Plaintiff's gender dysphoria.  On July 22, 2022, the Court issued an Order indicating that Plaintiff's claims against Defendants Ward, Lewis, Jackson, Ross, and John or Jane Does 1-10 were dismissed.  (Doc. No. 22).  However, the Order also indicated that Plaintiff's claims for deliberate indifference under the Eighth Amendment against multiple Defendants, including Mental Health Director Ms. Young, Mental Health Counselor Ms. Davis, and Psychologist Dr. Clements, survived initial review.  (Id.)

On September 22, 2022, these Defendants filed a Motion to Dismiss based upon Plaintiff's failure to exhaust her administrative remedies as required by the Prison Litigation Reform Act.  Furthermore, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted.  For the reasons set forth below, Plaintiff's Complaint against these Defendants should be dismissed with prejudice.

## PLAINTIFF'S ALLEGATIONS AGAINST THESE DEFENDANTS

The Complaint filed by Plaintiff alleges assertions of misconduct allegedly committed by a myriad of individuals, including mental health care providers, and prison administrators and/or officials, since she was transferred to ASMP in the year 2020.  According to Section V of Plaintiff's Complaint, in June 2020, Plaintiff was called to the Mental Health Department at ASMP for a treatment planning meeting. (Doc. No. 1, p. 6).  At that meeting, Plaintiff alleges that Defendants Young and Davis, among others, told her that the "treatment plan of Oct. 22, 2019 would not be followed, and a new treatment plan would only address [her] anxiety and depression." (Id.)   Plaintiff was also told that she "would have to remove [her] makeup, earrings, nail polish, and cut [her] hair." (Id.)  Plaintiff further alleges that the Defendants disregarded her gender dysphoria diagnosis and made comments such as, "You are in a man's prison.  You have a penis between your legs." (Id.) However, Plaintiff's Complaint is unclear on who made those comments.

Plaintiff's Complaint further alleges that during a treatment planning meeting in September 2020, when she asked Dr. Clements if he knew anything about gender dysphoria, Ms. Young instructed Dr. Clements to not answer Plaintiff's question. (Id. at 7).   Specifically, Ms. Young stated, "Dr. Clements, do not answer this question.  Do not answer any questions about gender dysphoria.  [Plaintiff] has filed

paperwork against us and we are in litigation." (Id.) Plaintiff asserts that Ms. Young lied to Dr. Clements and Dr. Clements failed to answer her question regarding treatment for her gender dysphoria. (Id.)

In addition, Plaintiff's Complaint alleges that during a treatment planning meeting in June 2021, she told Defendants Young, Davis, and Clements that she had at least twenty (20) anxiety attacks since March and thoughts of self-harming and suicide due to the lack of treatment for gender dysphoria. (Id. at 10). According to Plaintiff's Complaint, Defendant Davis stated, "Bayse, your primary diagnosis of gender dysphoria was replaced with borderline personality disorder. You will only be treated for anxiety and depression." (Id.) Plaintiff contends that she harmed herself twelve (12) times during November 6, 2021 to December 10, 2021. (Id.) Plaintiff further contends Defendant Young was notified of these incidents of self-harming but did nothing. (Id.)

The Complaint indicates that Plaintiff seeks injunctive relief and punitive damages in the amount of $2,000 against each Defendant.

## ARGUMENT AND CITATION OF AUTHORITY

### I.   Plaintiff Has Failed to Exhaust Her Administrative Remedies.

In Plaintiff's Complaint, she alleges that she has exhausted her administrative remedies. However, evidence supports that Plaintiff failed to complete the grievance

process relating to her claims for deliberate indifference against these Defendants.

The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust all available administrative remedies before filing suit. Specifically, the PRLA provides, in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Thus, "when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Johnson v. Meadows, 418 F.3d 1152, 1158 (11th Cir. 2005) (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204; see also Johnson, 418 F.3d at 1155 ("Congress intended to afford prison officials time to address grievances internally before allowing a prisoner to initiate a federal lawsuit.").

The PRLA mandatory requirement "applies to all prisoners seeking redress for prison circumstances or occurrences."  Porter v. Nussle, 534 U.S. 516, 520, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002).  Furthermore, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate.  See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).  Rather, "[t]his provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001)).

Moreover, the PRLA "requires proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 93.  To exhaust administrative remedies in accordance with the PRLA, a prisoner must "properly take each step within the administrative process," Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008), including, filing her complaint and appeals in the time required by the prison's administrative rules.  Johnson, 418 F.3d at 1158-1159 (untimely grievance does not satisfy the PLRA exhaustion requirement).

This issue of exhaustion "should be decided [in] a . . . motion to dismiss." Bryant, 530 F.3d at 1375.  When ruling on the exhaustion issue in a motion to

dismiss, the trial court may consider facts outside the pleadings and resolve factual disputes so long as such disputes do not decide the merits.  Id. at 1376-77.

In Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), the Eleventh Circuit established a two-step process for reviewing the issue of exhaustion of administrative remedies.  At the first step, the court takes the plaintiff's version of the facts as true.  Id. at 1082.  If the plaintiff has not exhausted administrative remedies under their own version of the facts, the court must dismiss the complaint. Id.  If the complaint is not dismissed under step one, the court moves to the second step where "it proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  Id.  "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

In this instant case, the Complaint relates to numerous alleged incidents of deliberate indifference over the course of Plaintiff's incarceration at ASMP.  In the Complaint, Plaintiff alleges "yes" to the question of whether Plaintiff presented grievances regarding her allegations and "yes" to the question of whether she appealed any denial of her grievance to the highest level possible in the prison system.  (Doc. No 1, pp. 3-4).  In responding to the question regarding the result of her appeal, she responded "denied; never answered; filed out of time."  (Id.)

Although Plaintiff does not distinguish between the distinct grievances or their distinct procedural histories, given Plaintiff's allegations, these Defendants cannot rely solely on the first step of the Turner analysis. However, Plaintiff's claims against these Defendants should be dismissed for lack of exhaustion at step two of the Turner analysis.

The Affidavit of Haley Chester, the Grievance Coordinator at ASMP, provides evidence that Plaintiff failed to properly complete the grievance process for her deliberate indifference claims against these Defendants. The Affidavit of Haley Chester is attached hereto as **Exhibit A**. Chester's Affidavit outlines the grievance process that is applicable to and utilized for inmates committed to the Georgia Department of Corrections, including inmates at ASMP. (Chester Aff. ¶ 3 and Ex. 1). The GDC grievance procedure requires completing a two-step process: (1) filing the Original Grievance, which the Warden must respond to within 40 days and (2) filing Central Office Appeal, (Chester Aff. ¶¶ 8-10). Only when a determination is made with respect to the prisoner's appeal, is the exhaustion of remedies requirement of the PLRA satisfied. See Johnson, 418 F.3d at 1158.

Chester's Affidavit shows that Plaintiff has submitted seventeen (17) grievances from June of 2020 to February 28, 2022, the date Plaintiff filed her Complaint: Grievance Nos. 309340, 309338, 310560, 310574, 312105, 312312,

312497, 318714, 322074, 327883, 328181, 328613, 328621, 333171, 333415, 335067, and 335954.  (Chester Aff. ¶ 14 and Ex. 3-8).  According to the grievance records, Grievance Nos. 309340, 312497, 318714, 322074, 327883, 328613, and 328621 were denied at the facility level and never appealed by Plaintiff.  (Chester Aff. ¶ 14 and Ex. 4).  Grievance Nos. 312105, 328181, 333415, and 333415 were denied on procedural grounds on appeal.  (Id.)  Grievance No. 335954 was appealed but denied because the grievance was already being addressed in another grievance (No. 335067).  Further, Plaintiff was notified of this denial on May 6, 2022, (id.), after Plaintiff filed her Complaint.  Grievance No. 335067 was also appealed but denied on May 10, 2022, (Chester Aff. ¶ 18 and Ex. 8), after Plaintiff filed her Complaint.  Grievance No. 312312 concerned physical force and was not related to a forced haircut or gender dysphoria treatment.  (Chester Aff. ¶ 14 and Ex. 4).

Grievance No. 309338 was submitted by Plaintiff on June 8, 2020.  (Chester Aff. ¶ 15 and Ex. 5).  In this grievance, Plaintiff stated that Deputy Warden Harvey yelled to her to get a haircut and that Deputy Warden knows that she suffers from gender dysphoria and that make up, earring, nail polish, and hair length are medically necessary according to her treatment plan.  (Id.)  Plaintiff requested to be left alone by staff so that treatment for gender dysphoria could continue without interruption.  (Id.)  The Warden's response, dated June 24, 2020 was as follows:

RESPONSE TO GRIEVANCE:
Your grievance has been reviewed. Based on the statement provided by Deputy Warden of Security Harvey informed you that you needed a haircut as it is beyond the length set in the policy. Mental Health Director Young indicated that your treatment plan does not allow you to have make up, earrings, nail polish, nor hair length. The doctor mentioned in the grievance is not employed at ASMP. ASMP's comprehensive treatment plan review was completed on 3/13/2020, and does not include any of the items mentioned above as being a part of your treatment plan. This grievance is resolved.

(Id.)   Although the grievance history reflect that this grievance was "partially granted," and the Warden's response states that the grievance was "resolved," the relief that Plaintiff sought was denied.  (Id.)  Plaintiff was notified of the response on July 1, 2020.  Plaintiff did not appeal this grievance to Central Office.  (Id.)

Grievance No. 310574 was submitted by Plaintiff on June 29, 2020.  (Chester Aff. ¶ 16 and Ex. 6).  In this grievance, Plaintiff stated that she was called to the Mental Health Department and Warden Philibin, Deputy Warden of Security, Deputy Warden of Care and Treatment, Deputy Warden of Administration, Mental Health Director Young, Ms. Mayo, and Ms. Davis tried to change her treatment plan to follow male rather than female standards.  (Id.)  Plaintiff requested that these individuals be investigated for violating standard operating procedures and PREA, be disciplined, and stop interfering with the treatment plan.  (Id.)  The Warden's response which is dated August 5, 2020 was as follows:

RESPONSE TO GRIEVANCE:
Your grievance has been reviewed. Based on the statement provided by Mental Health Director Ms. Young, your treatment plan has been changed based on your symptoms and current diagnosis. She states that you are being housed in a male prison according to policy SOP 507.04.68. You are receiving to necessary treatment and will be adjusted when needed. This grievance is resolved.

(Id.)  Although the grievance history reflects that this grievance was "partially granted," and the Warden's response states that the grievance was "resolved," the relief Plaintiff sought was denied.  (Id.)  Plaintiff was notified of the response on August 14, 2020.  (Id.)  Plaintiff did not appeal this grievance to Central Office.  (Id.)

Grievance No. 310560 was submitted by Plaintiff on June 29, 2020.  In this grievance, Plaintiff stated that he had a call out to clinical psychologist "Rasheen" in the mental health department on June 23, 2020.  Plaintiff alleged that clinical psychologist "Rasheen" refused to treat gender dysphoria because of the psychologist's religion.  (Chester Aff., ¶ 17 and Ex. 7).  This grievance was denied after it was determined that Plaintiff's session with the clinical psychologist was not to treat Plaintiff for gender dysphoria and the clinical psychologist did not deny treatment.  Plaintiff submitted an appeal of this decision.  The appeal was denied on September 10, 2020 based on a determination that there was no evidence that non-party Rasheen made such statement, and Plaintiff was notified of the denial on September 21, 2020.  This grievance did not mention Defendants Young, Davis, or Clements, and it does not relate to Plaintiff's claims against these Defendants because Plaintiff has not alleged that these Defendants discriminated against her due to religious beliefs.

The evidence shows that Plaintiff filed this lawsuit before completing the grievance process relating to her claims of deliberate indifference against these Defendants.  Out of the seventeen (17) grievances Plaintiff filed between June of 2020 to February 28, 2022, only one (1) grievance (Grievance No. 310560) was properly exhausted; however, Grievance No. 310560 does not relate to Plaintiff's claims for deliberate indifference against these Defendants.  Therefore, Plaintiff failed to exhaust her administrative remedies against these Defendants and, under Turner's step-two, Plaintiff's claims against these Defendants should be dismissed.

## II.  Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  Such a pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Federal Rule 8(a)(2) demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Id.; Logue v. Person, 2011 WL 806415 at *3 (S.D. Ga. 2011).

The proper procedural mechanism by which a defendant is to challenge the sufficiency of a complaint is a motion to dismiss for "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6).  On such motion, the court must consider whether the facts of the plaintiff's complaint, when accepted as true, "state a claim to relief that is plausible on its face" sufficient to withstand dismissal. Twombly, 550 U.S. at 570.  Where a complaint merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the complaint will not suffice.  Ashcroft, 556 U.S. at 678.  A complaint is not adequate if it tenders "naked assertions devoid of further factual enhancement." Id.  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  In other words, a plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 556 U.S. at 678; see also Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (if a plaintiff does not allege sufficient facts associating a defendant with a particular constitutional violation, then dismissal is warranted).

Here, the allegations in the Complaint, even accepted as true, do not state a claim for deliberate indifference against these Defendants as a matter of law.  As such, these Defendants' Motion to Dismiss should be granted and they should be dismissed from this action with prejudice.

> B.   Plaintiff's Complaint Fails to Allege Deliberate Indifference to Medical Needs by these Defendants.

Even if this Court determines that Plaintiff exhausted her administrative

remedies, these Defendants are entitled to dismissal because Plaintiff's Complaint fails to state a claim for deliberate indifference against these Defendants. Specifically, Plaintiff has not alleged facts suggesting that these Defendants knew of a substantial risk of harm to Plaintiff and refused to act. Plaintiff also failed to allege facts suggesting that these Defendants acted with a culpable state of mind in their care and treatment of her.

To state an Eighth Amendment claim for denial of medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105 (1976). Plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, Plaintiff must allege that he had a sufficiently serious medical need. A medical need is serious only if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994), overruled in part on other grounds, Hope v. Peltzer, 536 U.S. 730, 739 (2002). Second, Plaintiff must allege deliberate indifference to her medical needs. Estelle, 429 U.S. at 106. It is only such indifference that can offend "evolving standards of decency" that is a constitutional violation. Id. In order to be found liable for deliberate indifference, the healthcare

provider must have actual knowledge or awareness of the need, and the alleged indifference must be objectively harmful enough to establish a constitutional violation.  Farmer v. Brennan, 511 U.S. 825, 837-40 (1994).

The first element of deliberate indifference carries an objective standard – Plaintiff is required to show an objectively "serious medical need." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007).   The second element carries a subjective standard – Plaintiff must show the officials "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence."  Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). Plaintiff must show that there was both an actual awareness of a "need for medical care and the intentional refusal to provide care" as well as a "subjective intent to punish" for her claims to constitute deliberate indifference.  Id. at 1186.  The evidence must demonstrate acts or omissions "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).  The United States Supreme Court has equated deliberate indifference with criminal recklessness.  Farmer, 511 U.S. at 840.  The allegations in Plaintiff's Complaint do not make this showing as to these Defendants.

Plaintiff has not alleged any facts to infer that these Defendants had subjective or actual knowledge of any serious medical need.  Plaintiff's Complaint fails to assert that he had been diagnosed with gender dysphoria.  In fact, Plaintiff alleges that Dr. Clements, a psychologist, informed Plaintiff that her primary diagnosis was borderline personality disorder, not gender dysphoria.  (Doc. No. 1, p. 10). Assuming, *arguendo*, that Plaintiff has alleged that she had a serious medical need that could be addressed by these Defendants, the face of the Complaint does not contain any allegation that these Defendants acted with deliberate indifference to those needs.  In addition, Plaintiff fails to show treatment on the part of these Defendants which was grossly incompetent, inadequate, excessive as to shock the conscience, or intolerable to fundamental fairness.

Furthermore, in Plaintiff's Complaint, she alleges that she attended multiple treatment planning meetings and that she was being treated for her anxiety and depression. (Doc. No. 1, pp. 6-7, 10).  Therefore, even if the Court were to find that Plaintiff has alleged that she had a serious medical need, it is clear from the allegations in Plaintiff's Complaint that she received treatment for her medical needs.  Thus, Plaintiff's allegations stem from a disagreement in the type of medical treatment she received instead of a deliberate indifference.  See Harris, 941 F.2d at 1505 ("Nor does a simple difference in medical opinion between the prison's

medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment.")

Most importantly, even if these defendants failed to diagnose Plaintiff with gender dysphoria, this would not constitute a violation of Plaintiff's Eighth Amendment rights, and it would not create a claim of deliberate indifference. See Estelle, 429 at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). The Supreme Court has also ruled that denial of forms of treatment does not constitute deliberate indifference. Id. at 107.

> [T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a class example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court.

Id. (emphasis added).

In this case, Plaintiff has not demonstrated anything more than a difference of medical opinion as to whether she should be diagnosed with and treated for gender dysphoria or borderline personality disorder. Plaintiff has not alleged that she has not received mental health treatment. Rather, Plaintiff has only alleged that she has not received the type of mental health treatment she desires.

In conclusion, Plaintiff's claim for deliberate indifference must fail as a matter

of law because the Complaint is insufficient to suggest that these Defendants knew of and disregarded a serious risk of substantial harm to Plaintiff as required to sustain a claim for deliberate indifference under the Eighth Amendment and § 1983.

### III. Plaintiff's Failure to Allege a Deliberate Indifference to Her Medical Needs by These Defendants Requires Dismissal of Plaintiff's Claim for Punitive Damages

Plaintiff's claim for punitive damages is predicated on her Section 1983 claim; therefore, it too should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). A punitive damages claim is derivative of a plaintiff's tort claim and where a court has dismissed a plaintiff's underlying tort claim, dismissal of a plaintiff's punitive damages claim is also required. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1304 (11th Cir. 2009) (citing Boeing Co. v. Blane Int'l Group, 276 Ga. App. 672, 676 (2005)); see also Anderson v. City of Atlanta, 778 F.2d 678 (1985); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1335 (N.D. Ga. 2009); D.G. Jenkins Homes, Inc. v. Wood, 261 Ga. App. 322, 325 (2003).

### CONCLUSION

Plaintiff has failed to exhaust her administrative remedies as to her deliberate indifference claim against these Defendants. In addition, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Plaintiff's Complaint against these Defendants should be dismissed, with prejudice.

Respectfully submitted this 23rd day of September, 2022.

s/ Carrie A. Moss
CARRIE A. MOSS
Georgia Bar No. 806050
*Counsel for Defendants*
*Young, Clements and Davis*

Bendin Sumrall & Ladner, LLC
1360 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Telephone: (404) 671-3100
Fax: (404) 671-3080
cmoss@bsllaw.net

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

|  |  |  |
|---|---|---|
| ROBBIN AMANDA BAYSE, a/k/a | ) | |
| ROBERT BAYSE, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| vs. | ) | CIVIL CASE NO. |
|  | ) | 1:22-cv-00024-JRH-BKE |
| TED PHILBIN, *et al.,* | ) | |
|  | ) | |
| Defendants. | ) | |
| _____ | ) | |

**CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that the foregoing **MEMORANDUM AND BRIEF**

**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** was typed in Times

New Roman, fourteen (14) point font with a top margin of 1.5 inches.

Respectfully submitted this 23rd day of September, 2022.

*s/ Carrie A. Moss*
CARRIE A. MOSS
Georgia Bar No. 806050
*Counsel for Defendants*
*Young, Clements and Davis*

Bendin Sumrall & Ladner, LLC
1360 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Telephone: (404) 671-3100
Fax: (404) 671-3080
cmoss@bsllaw.net

-20-

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

ROBBIN AMANDA BAYSE, a/k/a   )
ROBERT BAYSE,   )
          )
     Plaintiff,    )
          )
vs.         )   CIVIL CASE NO.
          )   1:22-cv-00024-JRH-BKE
TED PHILBIN, *et al.,*   )
          )
     Defendants.   )
_____   )

### CERTIFICATE OF SERVICE

I   HEREBY CERTIFY that I have this day electronically filed this

**MEMORANDUM AND BRIEF IN SUPPORT OF DEFENDANTS' MOTION**

**TO DISMISS** with the Clerk via CM/ECF and served a copy of the foregoing

pleading to pro se Plaintiff by depositing a true copy of same in the U. S. Mail,

proper postage prepaid, addressed to counsel of record listed below:

**Pro Se Plaintiff**
Robbin Amanda Bayse
#954691
Augusta State Medical Prison
3001 Gordon Hwy
Grovetown, GA 30813

**Jason Kang**
**Assistant Attorney General**
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334
jkang@law.ga.gov

This 23rd day of September, 2022.

/s/ Carrie A. Moss
CARRIE A. MOSS
Georgia Bar No. 806050

Bendin Sumrall & Ladner, LLC
1360 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Telephone: (404) 671-3100
Fax: (404) 671-3080
cmoss@bsllaw.net