IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBBIN AMANDA BAYSE, a/k/a ROBERT BAYSE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 122-024 |
| TED PHILBIN, Warden, et al., | ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Defendants move to stay discovery pending resolution of their pre-answer motions to dismiss. Plaintiff has not responded to the motions, and they are therefore deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **GRANTS** Defendants' requests. (Doc. nos. 56, 58.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motions, the Court finds the motions to dismiss have the potential to be dispositive of the entire case, as the motions request dismissal based on, in part, Plaintiff's alleged failure to exhaust the administrative grievance procedure prior to filing this case.  (See doc. nos. 55, 57.)  When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motions to dismiss.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . .  [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all discovery in this action pending final resolution of Defendants' motions to dismiss.

SO ORDERED this 13th day of October, 2022, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA