IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBBIN AMANDA BAYSE, a/k/a ROBERT BAYSE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 122-024 |
| TED PHILBIN, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed by Defendants Young, Davis, and Clements. (Doc. no. 73.)

In relevant part, the Magistrate Judge found Defendants did not satisfy their burden of proving Plaintiff failed to exhaust administrative remedies for grievance nos. 310574, 322074, 327883, and 328621 under step two of Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008), because Plaintiff provided receipts showing each grievance was appealed.

The objecting Defendants maintain Plaintiff's appeal receipts have not been authenticated and attach a declaration from the grievance coordinator at Augusta State Medical Prison showing no record of the contested grievances appeals being received and logged. (Doc. no. 73-1, Chester Decl.) Even with this additional declaration, the Court agrees with the Magistrate Judge's factual findings and finds no cause to doubt the authenticity of Plaintiff's appeal receipts. Standard Operating Procedure ("SOP") Policy Number ("PN") 227.02 §

IV(C)(2)(c) requires an inmate's counselor, upon receipt of an appeal, to sign and date the exact slip Plaintiff has provided signed and dated, after which the grievance coordinator is responsible for electronically submitting that appeal for review. (See doc. no. 55-2, Chester Decl., Attach. 1, p. 34; doc. no. 64, pp. 17-19.) Plaintiff produced appeal receipts that comply with the SOP and are signed by a grievance counselor. What happened to these appeals after Plaintiff relinquished control of them is beyond Plaintiff's knowledge or responsibility. See Stallworth v. Williams, No. 5:17-CV-306-MCR-GRJ, 2021 WL 4822195, at *9 (N.D. Fla. Sept. 13, 2021), *adopted by* 2021 WL 4820246 (N.D. Fla. Oct. 16, 2021) ("[A]lthough [Defendant] avers that the required grievances are not in Plaintiff's grievance log file, . . . . the allegation merely establishes that the grievances are not in the log file."); Dunn v. Hart, No. CV513-131, 2014 WL 8098447, at *5 (S.D. Ga. Dec. 16, 2014) ("There is nothing before the Court refuting Plaintiff's contention that he filed an appeal, only that [the Counselor's office] did not receive it."), *adopted by* 2015 WL 1032959 (S.D. Ga. Mar. 9, 2015).

Defendants argue procedural defects nonetheless foreclose exhaustion of grievance nos. 322074, 327883, and 328621. (Doc. no. 73, pp. 4-5.) Grievance no. 322074 was denied on the merits, but Plaintiff's appeal was submitted one day after the seven-day deadline. Nos. 327883 and 328621 were denied for procedural issues: exceeding the page limit and untimely submission. However, the Commissioner answered none of the appeals. The record also lacks the full appeal form for no. 322074, where Plaintiff was instructed to explain why his appeal was submitted later than the allotted time frame in order to qualify for the good cause exception in PN 227.02(C)(2)(b). (See doc. no. 55-2, p. 34.) The record does show, though, Plaintiff was in COVID-19 quarantine when he received notice the Warden denied no. 322074. (Id. at 75.)

Generally, if an inmate does not receive a response to an appeal within the time required, and there is no further step after the appeal, a prisoner is free to pursue litigation. See Wilson v. Epps, 776 F.3d 296, 301 (5th Cir. 2015) ("[I]t is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance."); Whitington v. Ortiz, 472 F.3d 804, 807 (10th Cir. 2007) ("[A] prisoner cannot be required to wait indefinitely for a response to his final grievance before he may seek judicial review."); cf. Pavao v. Sims, 679 F. App'x 819, 826 (11th Cir. 2017) ("Because he could have proceeded by filing an administrative appeal, the PLRA still requires him to file an appeal notwithstanding the prison's lack of response."). And, on appeal, a prison may waive a procedural issue like page limits or timeliness if the prison "does not explicitly rely on the grievance's procedural shortcomings as an adequate and independent ground for denying the grievance at the administrative level." Whatley v. Smith, 898 F.3d 1072, 1085 (11th Cir. 2018).

The Commissioner's appeal decisions would have ultimately determined whether or not Plaintiff exhausted the three procedurally flawed grievances. However, the record is now abundantly clear those appeal decisions likely do not exist. In light of that evidentiary gap, the Magistrate Judge found Defendants did not meet their burden to show failure to exhaust all four appealed grievances because they could not show the Commissioner denied the appeals on procedural grounds. The Court finds no error. Even though some of Plaintiff's exhaustion attempts were imperfect, Plaintiff's efforts to nonetheless complete the administrative process were halted through no fault of his own. Without a ruling on the appeals, the record does not yet show Plaintiff failed to exhaust the disputed grievances.

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Defendants Young, Davis, and Clements' motion to dismiss, (doc. no. 57), **GRANTS IN PART** and **DENIES IN PART** Defendants Philbin, Shelton, Harvey, Gaines, and Smiths' motion to dismiss, (doc. no. 55), and **DISMISSES** Plaintiff's official capacity monetary damages claims against Defendants Philbin, Shelton, Harvey, Gaines, and Smith. This case should proceed as to Plaintiff's Eighth Amendment claims against Defendants for deliberate indifference regarding Defendants' treatment of Plaintiff's gender dysphoria. The Court **DIRECTS** Defendants to file their answers to the complaint within seven days of the date of this Order and the stay of discovery entered in this case on October 13, 2022, (doc. no. 63), be lifted.

SO ORDERED this 31st day of March, 2023, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA