UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| ROBBIN AMANDA BAYSE a/k/a ROBERT BAYSE ) ) ) Plaintiff, ) ) v. ) ) TED PHILBIN, WARDEN, et al. ) ) Defendants. ) | CIVIL ACTION NO. 1:22-cv-024-JRH-BKE |

**OBJECTION TO MAGISTRATE JUDGE REPORT AND RECOMMENDATION**

Defendants Edward Philbin, Ruthie Shelton, and Tamika Harvey, through counsel, and pursuant to Eleventh Circuit Rule 3-1 and 28 U.S.C. § 636(b)(1), respectfully submit this partial objection to the Magistrate Judge's report and recommendation entered on February 20, 2024 (Doc. 123) on Defendants' motion for summary judgment (Doc. 102).

When an objection is filed to a Magistrate Judge's report and recommendation the District Court conducts a de novo determination and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1). Defendants object to, and respectfully ask that the Court reject, the portion of the recommendation which recommends that the Court deny them qualified immunity on Plaintiff's medical deliberate indifference claim, and specifically the part of the recommendation which states as the basis for the denial of qualified immunity that "the state of the law was sufficiently clear in 2020 to put Defendants on notice that denial of social transitioning accommodations to Plaintiff would constitute a violation of the Eighth Amendment." Doc. 123 at 22.

For context, there is no dispute in this case as to the following facts which were set forth in Defendants' statement of undisputed material facts:

- Plaintiff Robbin Amanda Bayse is a trans-identifying state prisoner in the custody of the Georgia Department of Corrections;

- Plaintiff has been confined at Augusta State Medical Prison, a men's prison, since January 2, 2020; and was confined at Georgia State Prison, also a men's prison, from May 2019 to January 2, 2020;

- Plaintiff has had a diagnosis of gender dysphoria since 2015;

- Plaintiff has consistently received medical and mental health treatment for gender dysphoria while in GDC custody;

- Plaintiff has received hormone replacement therapy to treat gender dysphoria throughout incarceration at ASMP; Plaintiff takes the hormone medications Spironolactone daily and Depo-Estradiol by injection every two weeks; Plaintiff sees an endocrinologist every three to six months and the endocrinologist prescribes the hormone medications.

- Plaintiff receives mental health treatment twice a week and at times Plaintiff has received mental health treatment twice a month throughout incarceration at ASMP for gender dysphoria, which includes seeing a counselor to discuss the gender dysphoria, seeing a psychologist, and seeing a psychiatrist who has prescribed medications.

Doc. 102-1 at 1-2. Plaintiff's contention in this case is that, in addition to the referenced hormone treatment and mental health counseling and therapy, Plaintiff's gender dysphoria condition is such that Plaintiff must also receive "social transitioning accommodations," and specifically must be allowed—in the men's prisons—to "wear female undergarments and follow GDC grooming and cosmetic standards for females." Doc. 123 at 6. As the magistrate judge correctly summarized the dispute, "Plaintiff alleges Defendants were deliberately indifferent to her serious medical needs by omitting social transitioning accommodations from the ASMP Plan." *Id.* at 11.

The Magistrate Judge's recommendation is that qualified immunity be denied for essentially two reasons. First, it finds that case law "clearly establishes" the notion that social

transitioning accommodations are required to treat gender dysphoria. Second, and as a precursor to that recommendation, it finds that there is a dispute of fact as to whether Plaintiff's treatment providers had prescribed the requested "social transitioning accommodations," and if they had, that would make them purportedly medically necessary. Defendants respectfully contend that each point is incorrect.

**1.** As an initial matter, courts should "not to define clearly established law at a high level of generality." *Crocker v. Beatty*, 995 F.3d 1232, 1241 (11th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 563 U.S. 731, 742 (2011)). The recommendation does this when it notes that cases have established that "denial, discontinuation, or interference with medically necessary treatment for gender dysphoria constituted deliberate indifference." Doc. 123 at 21. The question in this case for qualified immunity purposes is whether there was, at the relevant time, clearly established law that "social transitioning accommodations," such as requested by Plaintiff, were required to be given for the gender dysphoria condition. The cases hold no such thing, such accommodations are not required, and it is *certainly* not clearly established that they are.

The recommendation cites three cases in support of the erroneous notion that the law was clearly established in 2020 that it is unlawful to deny so-called "social transitioning accommodations" to a trans-identifying inmate as treatment for gender dysphoria: *Kothmann v. Rosario*, 2014 U.S. App. LEXIS 4263 (11th Cir. Mar. 7, 2014); *Diamond v. Owens*, 131 F. Supp.3d 1346 (M.D. Ga. 2015); and *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257 (11th Cir. 2020). These cases do not provide a basis for denying Defendants qualified immunity.

*Kothmann* is an unreported decision, and in the Eleventh Circuit "[u]npublished cases . . . do not serve as binding precedent and cannot be relied upon to define clearly established law." *Crocker*, 995 F.3d at 1241, n. 6. And even if *Kothmann* were binding precent, it concerned only

- 3 -

hormone treatment. 2014 U.S. App. LEXIS 4263 at *11. Because it addressed only hormone treatment, *Kothmann* cannot stand as law clearly establishing that "social transitioning accommodations"—including essentially allowing Plaintiff to act and appear as a woman in a men's prison—were a required form of treatment for Plaintiff's gender dysphoria.

*Diamond* cannot clearly establish the law because it is a district court case, and "the law can be 'clearly established' for qualified immunity purposes only by decision of the United States Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins v. Talladega City Bd. of Educ.*, 115 F.3d 821, 826 n.4 (11th Cir. 1997).

*Keohane* also does not clearly establish that "social transitioning accommodations" are a required form of treatment for gender dysphoria—indeed, it *held the opposite*. In *Keohane* the Eleventh Circuit *affirmed* a correctional agency's denial of social transitioning accommodations to a transgender inmate. 952 F.3d at 1262, 1272–79. While the recommendation correctly observes that the reasons for the denial included (i) that there was a difference in medical opinion in the case as to whether the requested social transition accommodations were medically necessary; and (ii) that the prison had denied the accommodations in part for security reasons, the bottom line remains that in *Keohane* the Eleventh Circuit did not hold that "social transitioning accommodations" must be extended to a trans-identifying prisoner who is incarcerated in a men's prison. Without that holding, and without that clear statement of law, it cannot be said that the law was clearly established and instructed Defendants that their challenged conduct in this case was unlawful.

**2.** Next, as stated the recommendation finds as a precursor to its qualified immunity analysis that there is a "conflict" as to the facts regarding whether social transitioning accommodations were medically prescribed, and the recommendation suggests that if a treatment

- 4 -

provider prescribed the accommodations, it would be deliberate indifference not to provide them. Doc. 123 at 17-19. Initially, just because a provider prescribes something does *not* mean it is deliberate indifference to withhold it. Security concerns, cost concerns, disagreements as to medical necessity—all of these can be valid reasons to reject a particular provider's view. *See, e.g.*, *Keohane*, 952 F.3d at 1275 (security concerns); *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1276 (11th Cir. 2020) (cost); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (medical disagreement).

But here, the Court need not even reach that point, because there was *no conflicting evidence* about a supposed prescription for accommodations. There is no evidence in this case that the "social transitioning accommodations" sought by Plaintiff were prescribed by a treatment provider. Defendants were not treatment providers and never ordered or directed such treatments. Doc. 102-1 at 3–5. Defendants have pointed to the record evidence from treatment providers that, in their professional opinion, female grooming and cosmetic accommodations, such as makeup, earrings, nail polish, and hair length, would not be appropriate or clinically indicated for Plaintiff. Doc. 94-1 at 3-4 (Declaration of Paul G. Clements); Doc. 94-3 at 3 (Declaration of Minnie Davis). The recommendation notes that when a conflict arises between facts presented by the parties then the Court will credit the non-moving party's version. Doc. 123 at 2. But here there is no conflict: there just is no record evidence that "social transitioning accommodations" were ordered or prescribed for Plaintiff while confined at ASMP. Doc. 123 at 17-18. It is not Defendants' burden to prove that the requested "social transitioning accommodations" were not medically necessary. And it was legal error for the recommendation to suggest that somehow there was a conflict where there was not contrary evidence.

For the reasons stated and in the motion for summary judgment, Defendants Philbin, Shelton, and Harvey respectfully request that the Court reject that part of the Magistrate Judge's recommendation that recommends that Defendants' qualified immunity defense be denied, and further that the Court grant their motion for summary judgment and enter judgment in their favor and against Plaintiff on all claims that are asserted against them in this action.

Respectfully submitted,

| | |
|---|---|
| Christopher M. Carr | 112505 |
| Attorney General | |
| | |
| Loretta L. Pinkston-Pope | 580385 |
| Deputy Attorney General | |
| | |
| Roger A. Chalmers | 118720 |
| Senior Assistant Attorney General | |
| | |
| /s/ Jason H. Kang | 759836 |
| Jason H. Kang | |
| Assistant Attorney General | |

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

- 7 -

**CERTIFICATE OF SERVICE**

I certify that I have this day served the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Robbin Amanda Bayse a/k/a Robert Bayse
GDC No. 954691
Baldwin State Prison
P.O. Box 218
Hardwick, GA 31034

This 15th day of March, 2024.

/s/ Jason H. Kang